UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RUBEN DARIO ANACONA-UNI,

Petitioner,

- against -

WARDEN OF MDC, *et al.*,

Respondents.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-6650 (PKC)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' response to the Court's Order to Show Cause, (*see* O.S.C., Dkt. 3), in which Respondents "acknowledge that the Court may determine that the facts of this case may not be materially different from facts presented in the Court's prior jurisprudence, including accordance with the decision in *Caldas v. Mullin*, No. 26-CV-3295 (PKC), 2026 WL 1704957, at *3 (E.D.N.Y June 12, 2026)[.]" (O.S.C. Resp., Dkt. 4, at ECF[1] 2.) In *Caldas*, respondents argued that the petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) ("Section 1225(b)"), but the Court held that Section 1225(b) did not apply because "[p]etitioner was not 'arriving in the United States' when he was re-detained by ICE, and he had been paroled into the United States[.]" 2026 WL 1704957, at *2 (citing *Nimaga v. Francis*, No. 26-CV-2868 (PKC), 2026 WL 1656049, at *2 (E.D.N.Y. June 8, 2026)). The Court, in *Caldas*, therefore held that the petitioner's detention was governed by 8 U.S.C. § 1226(a) ("Section 1226(a)"). *Id.*

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

In this case, however, Respondents seem to concede that Petitioner's detention is governed by Section 1226(a).[2] (*See* O.S.C. Resp., Dkt. 4, at ECF 2 ("[I]t is Respondents' position that [Petitioner] is currently subject to detention pursuant to [Section] 1226(a)[.]").) Moreover, the Court's review indicates that the instant case is controlled by this Court's decision in *Okeke v. Maldonado*, No. 26-CV-2714 (PKC), 2026 WL 2056904 (E.D.N.Y. July 16, 2026). There, the Court granted a petition for a writ of habeas corpus on the grounds that petitioner's arrest and detention were unlawful because petitioner was arrested pursuant to a Form I-200 Warrant before a Form I-862 Notice of Appearance ("NTA") was issued. *Id.* at *4, *7.

The warrant Respondents rely on here to justify the Section 1226(a) arrest and detention is a Form I-200 Warrant, the procedures for which are governed by Department of Homeland Security regulations. Of relevance here, implementing regulation 8 C.F.R. § 1236.1(b)(1) limits the time in which a Form I-200 Warrant may be executed: "*At the time of issuance of the [NTA]*, or at any time thereafter and up to the time removal proceedings are completed, the [named individual] may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1) (emphasis added). In other words, a "[Form] I-200 [Warrant] cannot be used to effectuate an arrest before an NTA has been issued." *Yeleshev v. Larocco*, No. 26-CV-2294 (SJB), 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026) (collecting cases).

---

[2] Respondents also assert that "Petitioner is subject to *mandatory* detention pursuant to [Section] 1226(a)," (O.S.C. Resp., Dkt. 4, at ECF 2 (emphasis added)). While Respondents cite Section 1226(a), the mention of "mandatory detention" is more closely aligned with the language of Section 1225(b). *See* 8 U.S.C. § 1225(b)(1). Nevertheless, even if Respondents intended to claim that Petitioner's detention was governed by Section 1225(b), that argument is foreclosed by the Court's decision in *Caldas* and Respondents acknowledge as much. Here, as in *Caldas*, the Court finds that Section 1225(b) does not apply because "Petitioner was not 'arriving in the United States' when he was re-detained by ICE, and he had been paroled into the United States[.]" *See* 2026 WL 1704957, at *2; (Decl. Officer Thomas Ward, Dkt. 6, ¶¶ 3, 8, 19–21).

There is no dispute here that Respondents failed to issue an NTA before arresting Petitioner pursuant to a Form I-200 Warrant. Respondents concede that, on September 23, 2026, they arrested Petitioner pursuant to a Form I-200 Warrant, (Decl. Officer Thomas Ward, Dkt. 6, ¶ 21), and that they only issued and served Petitioner with an NTA after his arrest, (*id.* ¶ 22). But "[t]here is no 'leeway'; [i]f ICE wants to use a warrant, it must have a valid NTA in place." *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 409 (E.D.NY. 2026) (quoting *Gopie v. Lyons*, No. 25-CV-5229 (SJB), 2025 WL 3167130, at *1 n.3 (E.D.N.Y. Nov. 13, 2025)). Here, Respondents did not have a valid NTA in place at the time of Petitioner's arrest. Accordingly, "when ICE arrested [Petitioner,] they had no authority to do so," which is a "dispositive and independent basis to grant the writ." *Gopie*, 2025 WL 3167130, at *1 (collecting cases).

* * *

Petitioner Ruben Dario Anacona-Uni's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., Dkt. 1), is therefore GRANTED.

Respondents are hereby ORDERED to release Petitioner immediately, and no later than October 23, 2026, at 12:00 p.m. ET. Respondents shall release Petitioner subject to the conditions at which he was at liberty before he was detained, without any additional constraints on his liberty, including, but not limited to, electronic or GPS monitoring. Respondents must release Petitioner with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money.

Respondents shall confirm compliance with these directives in a filing on the docket by October 23, 2026 at 5:00 p.m. ET.

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release

(including release on recognizance or similar instruments) without prior notice to and authorization from the Court.

Respondents shall not re-detain Petitioner without first moving before this Court to demonstrate compliance with all applicable regulatory, statutory, and constitutional requirements necessary to arrest and detain Petitioner. Should Respondents seek to re-detain Petitioner, they are directed to file a motion with the Court that justifies lawful detention. The Court retains jurisdiction to review any subsequent arrest or detention of Petitioner by Respondents to ensure compliance with this Memorandum & Order.

Should Petitioner seek an award of reasonable fees and costs pursuant to the Equal Access to Justice Act, he may do so by filing a letter application on the docket within 30 days of a final judgment in this action. *See* 28 U.S.C. § 2412(d)(1)(B).

The Clerk of Court is respectfully directed to enter judgment consistent with this Memorandum & Order and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 22, 2026
Brooklyn, New York